UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PHH MORTGAGE CORPORATION,
successor by merger to OCWEN
LOAN SERVICING, LLC

      *Plaintiff*,

v.

21 ASSET MANAGEMENT HOLDING, LLC

      *Defendant*.

Case No. 20-cv -2561-PKC

---

## [PROPOSED] STIPULATED PROTECTIVE ORDER FOR PRODUCTION OF DOCUMENTS BY PARTIES

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1.    Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority. Unless otherwise ordered, a party seeking to file an opposing party's confidential information shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object.

Within seven (7) days thereafter, the party whose confidential information is sought to be used may make an application to seal in accordance with the first paragraph of this Order, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case.  The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

2. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

3. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

4. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

5. This Protective Order authorizes the disclosure between the Parties of "nonpublic personal information" within the meaning of Section 509(4) of the Gramm-Leach-Bliley Act, 15 U.S.C. § 6809 and its implementing regulations in this Litigation without redaction; however, if any Party submits Discovery Material containing such "nonpublic personal information" to the

Court, the information must first be redacted in accordance with Federal Rule of Civil Procedure 5.2.

6. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The requesting party and counsel, including in-house counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

    d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

7. Before disclosing or displaying the Confidential Information to any person, counsel must:

    a. Inform the person of the confidential nature of the information or documents;

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

8. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

9. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential.

10. Pursuant to Federal Rule of Evidence 502, inadvertent disclosure of privileged communications shall not constitute a waiver of the privilege in this matter provided the parties follow the steps set forth in Rule 502. If materials subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information") were inadvertently produced, the producing will be entitled to "clawback" this Inadvertently Disclosed Information and to have all copies of it either returned or destroyed by the receiving party. In order to claw back Inadvertently Disclosed Information, the disclosing party must provide written notice to the receiving party detailing the materials it wishes to claw back and the basis of its privilege claim. The receiving party must use reasonable efforts to destroy or return to the producing party all copies of the Inadvertently Disclosed Information in its possession.

11. Notwithstanding the designation of information as "confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal.

12. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

Dated: December 22, 2020

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

/s/ Richard A. Jacobsen

Richard A. Jacobsen
51 West 52nd Street
New York, New York 10019
(212) 506-5000
rjacobsen@orrick.com

Ryan Coel Wooten (*pro hac vice*)
609 Main Street, 40th Floor
Houston, Texas 77002
(713) 658-6400
rwooten@orrick.com

*Attorneys for Plaintiff PHH Mortgage Corporation, successor by merger to Ocwen Loan Servicing, LLC*

Respectfully submitted,

**BRAUCHER & AMANN, PLLC**

/s/ William J. Amann

William J. Amann (*pro hac vice*)
Matthew R. Braucher (*pro hac vice*)
65A Flagship Drive
North Andover, MA 01845
(978) 702-3077
wamann@ba-lawgroup.com
mbraucher@ba-lawgroup.com

**THE MARGOLIN & WEINREB LAW GROUP, LLP**
Alan Weinreb
165 Eileen Way, Suite 101
Syosset, NY 11791
(516) 945-6055
alan@nyfclaw.com

*Attorneys for 21 Asset Management Holding, LLC*

Dated: New York, New York
  December 22, 2020

**SO ORDERED.**

*[Signature: P. Kevin Castel]*

Hon. P. Kevin Castel
United States District Judge

**Exhibit A**

**Agreement**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential.  I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person.  I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____
Signed in the presence of:

_____
(Attorney)